IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD D. WILLIAMS, #330545   *
   Plaintiff,

             *

  v.         CIVIL ACTION NO.  WDQ-06-806

             *

CHARLES COUNTY SHERIFF OFFICE
   Defendant.       *

         ******

## MEMORANDUM

   Defendant has moved for dismissal or summary judgment against Plaintiff Ronald D. Williams. Paper No. 9. Plaintiff has not filed a response.[1] The issues in the motions have been fully briefed and no hearing is necessary. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Defendant, treated as a Motion for Summary Judgment, will be granted.

### Standard of Review

   Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

   Not every factual dispute will defeat the motion. As the Supreme Court has stated,

> [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on June 28, 2006, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No.10. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id).*

properly supported motion for summary judgment; the requirement is that
there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon
mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is
a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236,
240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most
favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also
abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not
proceed to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing
*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now
examines Plaintiff's claims.

## Background

Plaintiff alleges that on September 17, 2005, while eating lunch in the Charles County
Detention Center, he was assaulted by another inmate. Plaintiff claims that at that time no
correctional officers were monitoring the cell block. Paper No. 1.

It is undisputed that: the Detention Center has a procedure whereby inmates can pursue
administrative remedy regarding their grievances; Plaintiff was provided a handbook which
contained an outline of the grievance procedure; and Plaintiff failed to file any grievance concerning
the assault. Paper Nos. 9, Ex. 4 and 1, and Paper No. 1.

2

## Analysis

The Court first examines Defendant's contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to Plaintiff's allegations.  His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendant has forfeited its right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where Plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison

authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (a prisoner must

appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*,

286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion

requirement, but need not seek judicial review).

      The Charles County Detention Center has a clearly delineated grievance procedure. Paper

No. 6, Ex. 4. Plaintiff received a copy of the grievance procedure contained in the Charles County

Detention Center handbook. Id., Ex. 1. The uncontroverted evidence shows that Plaintiff did not file

any grievance regarding the alleged assault. Plaintiff clearly has failed to exhaust available

administrative remedies with regard to his failure to protect claim.  Unlike the prisoner plaintiff in

*Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have

frustrated Plaintiff's attempts at exhaustion; instead, Plaintiff through his own actions failed to file

the appropriate papers.

      A separate Order will be entered in accordance with this Memorandum.

_____  
(Date)

_____  
William D. Quarles, Jr.  
United States District Judge

4